PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DUSTIN GAPEN, | ) CASE NO. 1:18CV1037 |
| Plaintiff, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) **MEMORANDUM OF OPINION AND ORDER** |
| | ) [Resolving ECF Nos. 20, 21] |
| Defendant. | ) |

Pending before the Court is Plaintiff's Motion for Attorney Fees under the Social Security Act, 42 U.S.C. § 406(b). ECF No. 20. Plaintiff requests an award of $13,792.00. Defendant opposes Plaintiff's request and asks the Court to reduce Plaintiff's award.[1] ECF No. 22. For the reasons that follow, the Court grants Plaintiff's motion.

## I. Background

Plaintiff Dustin Gapen and his counsel executed a contingency agreement, entitling counsel to 25 percent of past-due benefits awarded to Plaintiff. ECF No. 20-4. Thereafter, Plaintiff's counsel litigated the case over a period of nearly a decade, seeking a favorable ruling from the Social Security Administration ("SSA"). During this time, Plaintiff faced a number of initial denials of her social security benefits by Defendant. ECF No. 1.

---

[1] Defendant's Motion for extension of time until November 12, 2020 to respond to Plaintiff's 406(b)fee petition is granted. ECF No. 21.

(1:18CV1037)

On September 19, 2019, the ALJ issued a fully favorable decision on Plaintiff's application for benefits. ECF No. 20-7. Plaintiff's winning claim generated $134,648.00 in past due benefits. ECF No. 20 at PageID #: 1583. The SSA wrote a letter to Plaintiff stating that it withheld 25 percent[2] of Plaintiff's award pending approval of attorneys fees. ECF No. 20-1. The Administrative Law Judge authorized, under 42 U.S.C. § 406(b), $10,000 in 406(a) fees for services rendered only before the agency. ECF No. 20-3.

Plaintiff moves the Court to approve, pursuant to 42 U.S.C. § 406(b) an attorney fee of $13,792 to be paid out of her total award of $134,648.00 in past due benefits. Plaintiff asserts that the fee, which represents 10.24% of the total award, is due to his attorney for 22.10 hours of work in the case before the Court. The Commissioner of Social Security (the Commissioner") has responded in opposition to Plaintiff's motion, alleging that $13,792 would amount to a windfall. ECF No. 22.

## II. Legal Standard

Section 406(b) of Title 42 of the United States Code authorizes the Court to award attorneys' fees following the successful disposition of a Social Security disability appeal. Pursuant to Section 406(b), plaintiff's counsel may recover a "reasonable fee," not in excess of 25 percent of a plaintiff's past-due benefits. Section 406(b) requires judicial review as an "independent check" to ensure that attorneys' fees are reasonable under the circumstances of the particular case. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002). Where an attorney has

---

[2] The SSA withheld $37,648.00, which Plaintiff's counsel informed them was more than 25%, which would be $33,662.00. ECF No. 20 at PageID #: 1583. This discrepancy has no impact on the Court's analysis.

2

(1:18CV1037)

received an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), and subsequently seeks fees under § 406(b), the attorney must return the lesser of the two awards to the Plaintiff. See *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989).

The standards for reviewing a petition for attorneys' fees under 42 U.S.C. § 406(b) are set forth in the Sixth Circuit's decisions of *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989) (en banc) and *Hayes v. Sec'y of Health & Human Servs*. 923 F.2d 418 (6th Cir. 1990). In *Rodriquez*, the Sixth Circuit found that an award of 25 percent of past due social security benefits is presumptively appropriate so long as it is derived from a contingent fee contract between counsel and the claimant permitting that amount to be charged. *Rodriquez*, 865 F.2d at 746. In *Hayes*, the Sixth Circuit concluded that "[a] calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the Rodriquez analysis," noting that a fee in the amount of twice the standard hourly rate is *per se* reasonable and establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate. *Hayes*, 923 F.2d at 422.

Nevertheless, attorneys' fees petitions are still subject to scrutiny and may be discounted by the District Court. Both *Rodriquez* and *Hayes* make clear that the District Court may reduce a fee request, especially one which asks for more than twice the normal hourly rate. See *Rodriquez*, 865 F.2d at 746; *see also Hayes*, 923 F.2d at 422 ("If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee."). Courts may reduce fee request in two instances: "1) those

3

(1:18CV1037)

occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. at 420-21. (emphasis in original) (internal citation omitted). Courts may also consider other relevant factors including the extent of counsel's services, the amount of time counsel spent on the case, the results counsel achieved, and counsel's fees in other cases. *See Gisbrecht*, 535 U.S. at 794 (discussing the factors the Commissioner considers in evaluating a fee request under 20 C.F.R. § 404.1725(b)).

### III. Analysis

Plaintiff's counsel seeks 10.24% of Plaintiff's past-due benefits, totaling $13,792.00. According to counsel's time-log, he expended a total of 22.1 hours representing Plaintiff before this Court. The Court's award of $13,792.00 in fees, therefore, when divided by 22.1 hours of work is equivalent to an hourly rate of $624.07.

The Commissioner alleges that Plaintiff's counsel would enjoy a windfall based on this equivalent hourly rate. ECF No. 22 at PageID #: 1628-29. Commissioner invites the Court to consider rates commonly awarded under the EAJA in the Northern District of Ohio for purposes of the *Hayes* test, imposing an upper limit of $350 per hour.[3] *Id.* at PageID #: 1629.

---

[3] While EAJA fees may be calculated using the hourly rate or "lodestar" analysis, the Sixth Circuit has held that, in applications for attorneys' fees under 42 U.S.C. § 406(b), it is "error for the district courts to reduce the attorney's fee award on the ground that the amounts called for by the [twenty-five percent] contingency agreements computed to high hourly rates." *Hayes*, 923 F.2d at 421. Therefore, for purposes of the windfall analysis, this Court will use counsel's hourly rates, when necessary.

4

(1:18CV1037)

Commissioner does not allege that Plaintiff's counsel engaged in improper conduct or expended only minimal effort in representing Plaintiff over the past decade.

Social Security practitioners accepting contingent-fee arrangements bear the sometimes high risk of non-payment in unsuccessful cases. In assessing the reasonableness of a contingent fee award, the Court does not ignore the fact that the social security attorney will not prevail every time. Contingent fees generally overcompensate in some cases and undercompensate in others. *Royzer v. Sec'y of Health and Human Servs*. 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit has explained, a contingency fee that translates into an hourly rate less than twice the "standard rate" for such work in the relevant market is *per se* reasonable and not a windfall. *Hayes*, 923 F.2d at 422. Plaintiff has produced ample evidence that Plaintiff's counsel's non-contingent hourly rate is at least $350, more than half of the effective hourly rate at issue here. ECF Nos. 20-8, 20-9.

Considering all the relevant factors and the Court's review for reasonableness, the Court finds that an award of $13,792 does not constitute a windfall in this case. Further, Plaintiff's counsel's total fee does not exceed the 25 percent statutory cap and the contingency fee that Plaintiff agreed upon and it is reasonable given "the character of the representation and the results of the representation achieved." *Gisbrecht*, 535 U.S. at 808.

### III. Conclusion

For these reasons, the Court grants Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 20). The Court hereby authorizes payment of a fee in the amount of $13,792. The previously approved EAJA fee in the amount of $4,060.87 (ECF No. 19) shall be

5

(1:18CV1037)

refunded by Plaintiff's counsel to Plaintiff forthwith, in accordance with *Jankovich v. Bowen, 868 F.2d 867, 870-871 (6th Cir. 1989)*.

    IT IS SO ORDERED.

| | |
|---|---|
|  December 23, 2020  |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |